# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1212V**
UNPUBLISHED

|  |  |
|---|---|
| PATRICIA G. HUSTEAD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 3, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine &<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On September 16, 2020, Patricia Hustead filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that suffered "a Table Injury of [the] [r]ight shoulder as a result of the influenza and DTap[3] vaccines . . . [she] received on October 11, 2018."[4]

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Medical records reflect that Petitioner received the Tdap vaccine rather than the DTaP vaccine. Ex 1 at 7.

[4] Petitioner also received a Pneumovax vaccination on this date. Ex 1 at 7. However, Pneumovax is not a covered vaccine listed in the Vaccine Injury Table. *See* 42 C.F.R. § 100.3.

Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 3, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner's alleged injury is consistent with SIRVA as defined in the Vaccine Injury Table, and therefore, Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 5. Specifically, Petitioner had no history of pain, inflammation, or dysfunction of her right shoulder; Petitioner's pain occurred within 48 hours after receipt of an intramuscular vaccination; Petitioner's pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain Petitioner's shoulder pain. *Id.* at 5. Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master